07-CV-05400-CMP

Received From SEATTLE
AUG 07 2007

FILED
LODGED
ENTERED
RECEIVED

AUG 03 2007  LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST; JIM CRITCHLOW, PETER FLUETSCH, BARON DERR, DON WHITE, JEFF STOWE, FLOYD BURCHETT, KEITH NEMITZ and BRAD STEPHENS, Trustees of the Northwest Sheet Metal Workers Organizational Trust; NORTHWEST SHEET METAL WORKERS WELFARE FUND; RANDY FRISBEE, BARON DERR, JERRY KINSLEY, BRENT MOORE, JOHN GARRETT, BRAD STEPHENS, RICK SCHRADER, JIM RYAN, TIM KESTER and JOHN PAUSTIAN, Trustees of Northwest Sheet Metal Workers Welfare Fund; NORTHWEST SHEET METAL WORKERS PENSION FUND; ROBERT M. CARLTON, JR., JOHN GARRETT, JIM RYAN, KEITH NEMITZ, BARON DERR, JERRY FREEL, TIM KESTER, BOB HIGHTOWER, BRAD STEPHENS, and BRENT MOORE, Trustees of Northwest Sheet Metal Workers Pension Fund; NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST; ROBERT M. CARLTON, JR., JOHN GARRETT, JIM RYAN, KEITH NEMITZ, BARON DERR, JERRY FREEL, TIM KESTER, BOB HIGHTOWER, Trustees of Northwest Sheet Metal Workers Supplemental Pension Trust; WESTERN WASHINGTON SHEET METAL TRAINING TRUST; DOUG NUGENT, BRAD STEPHENS, RICK HERMANSON, BRIAN FLUETSCH, STEVE JOHNSON, DAVE GOUGH, ERIC MARTINSON, JEFF STOWE, LANCE DEYETTE and STEVE MUSSER, Trustees of Western Washington Sheet Metal Training Trust; NORTHWEST SHEET METAL LABOR MANAGEMENT COOPERATION TRUST; BRAD STEPHENS, TIM CARTER, JEFF STOWE, BARON DERR JUNE NAILLON and DEAN FOX, Trustees of Northwest Sheet Metal Labor Management Cooperation Trust and SHEET METAL WORKERS LOCAL 66,

No.

C 07-5400 RJB

COMPLAINT FOR MONIES DUE AND FOR INJUNCTIVE RELIEF

COMPLAINT - 1

ORIGINAL

ROBBLEE BRENNAN & DETWILER
ATTORNEYS at LAW

1620 METROPOLITAN PARK TOWERS
1100 OLIVE WAY · SEATTLE, WA 98101-1827
206.467.6700 · 206.467.7589 facsimile

|                              |            |
|------------------------------|------------|
| Plaintiffs,<br><br>v.<br><br>TACOMA ARCHITECTURAL METALS, LLC,<br><br>Defendant. | |

## JURISDICTION AND VENUE

1. This is an action brought pursuant to Section 301 of the National Labor Relations Act, as amended (hereafter "the Act"), 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974 (hereafter "ERISA"), 29 U.S.C. § 1132. Jurisdiction and venue are conferred upon this Court by 29 U.S.C. § 185(a), 1132(a), (e) and (f).

## PARTIES

2. Plaintiff NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST (hereafter "Northwest Organizational Trust") is a labor-management trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Northwest Organizational Trust is administered in the State of Washington from its place of business at 33919 9th Avenue South, Suite 103, Federal Way, WA 98003.

3. Plaintiffs JIM CRITCHLOW, PETER FLUETSCH, BARON DERR, DON WHITE, JEFF STOWE, FLOYD BURCHETT, KEITH NEMITZ and BRAD STEPHENS (hereafter "Northwest Organizational Trust Trustees") are the Trustees of plaintiff Northwest Organizational Trust. They have been appointed and qualified as trustees pursuant to the Trust Agreement establishing plaintiff Northwest Organizational Trust.

COMPLAINT - 2

4.  Plaintiff NORTHWEST SHEET METAL WORKERS WELFARE FUND (hereafter "Welfare Trust") is a labor-management health and welfare trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Welfare Fund is administered in the State of Washington.

5.  Plaintiffs RANDY FRISBEE, BARON DERR, JERRY KINSLEY, BRENT MOORE, JOHN GARRETT, BRAD STEPHENS, RICK SCHRADER, JIM RYAN, TIM KESTER and JOHN PAUSTIAN (hereafter "Welfare Trustees") are the Trustees of plaintiff Welfare Fund. They have been appointed and qualified as trustees pursuant to the Trust Agreement establishing plaintiff Welfare Fund.

6.  Plaintiff NORTHWEST SHEET METAL WORKERS PENSION FUND (hereafter "Pension Trust") is a labor-management pension trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Pension Fund is administered in the State of Washington.

7.  Plaintiffs ROBERT M. CARLTON, JR., JOHN GARRETT, JIM RYAN, KEITH NEMITZ, BARON DERR, JERRY FREEL, TIM KESTER, BOB HIGHTOWER, BRAD STEPHENS, and BRENT MOORE (hereafter "Pension Trustees") are the Trustees of plaintiff Pension Fund. They have been appointed and qualified as trustees pursuant to the Trust Agreement establishing plaintiff Pension Fund.

8.  Plaintiff NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST (hereafter "Supplemental Pension Trust") is a labor-management pension trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c),

COMPLAINT - 3

ROBBLEE BRENNAN & DETWILER
ATTORNEYS at LAW

1620 METROPOLITAN PARK TOWERS
1100 OLIVE WAY · SEATTLE, WA 98101-1827
206.467.6700 · 206.467.7589 facsimile

and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Pension Fund is administered in the State of Washington.

9. Plaintiffs ROBERT M. CARLTON, JR., JOHN GARRETT, JIM RYAN, KEITH NEMITZ, BARON DERR, JERRY FREEL, TIM KESTER, BOB HIGHTOWER, BRAD STEPHENS, and BRENT MOORE (hereafter "Supplemental Pension Trust Trustees") are the Trustees of plaintiff Supplemental Pension Trust. They have been appointed and qualified as trustees pursuant to the Trust Agreement establishing plaintiff Supplemental Pension Trust Trustees.

10. Plaintiff WESTERN WASHINGTON SHEET METAL TRAINING TRUST (hereafter "Training Trust") is a labor management training fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Training Trust is administered in the State of Washington.

11. Plaintiffs DOUG NUGENT, BRAD STEPHENS, RICK HERMANSON, BRIAN FLUETSCH, STEVE JOHNSON, DAVE GOUGH, ERIC MARTINSON, JEFF STOWE, LANCE DEYETTE and STEVE MUSSER, (hereafter "Training Trust Trustees") are the Trustees of plaintiff Training Trust. They have been appointed and qualified as trustees pursuant to the Trust Agreement establishing plaintiff Training Trust.

12. Plaintiff NORTHWEST SHEET METAL LABOR MANAGEMENT COOPERATION TRUST (hereafter "Cooperation Trust") is a labor-management trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Cooperation Trust is administered in the State of Washington.

COMPLAINT - 4

13. Plaintiffs BRAD STEPHENS, TIM CARTER, JEFF STOWE, BARON DERR JUNE NAILLON and DEAN FOX (hereafter "Cooperation Trust Trustees") are the Trustees of plaintiff Training Trust. They have been appointed and qualified as trustees pursuant to the Trust Agreement establishing plaintiff Cooperation Trust.

14. Plaintiff SHEET METAL WORKERS LOCAL 66 ("Local 66") is a labor organization. It represents for purposes of collective bargaining persons who are employed in the construction industry. That industry affects commerce within the meaning of the Act.

15. Defendant TACOMA ARCHITECTURAL METALS, LLC ("Defendant"), is a sheet metal contractor and is a party to a collective bargaining agreement with Local 66. That industry affects commerce within the meaning of the Act. Defendant has employed or does employ persons represented by Local 66. Defendant's principal place of business is 7914 99th Ave SW, Tacoma, WA 98497.

**CLAIM FOR RELIEF**

16. Plaintiffs incorporate by reference as though set forth fully herein paragraphs 1 through 15 above.

17. The collective bargaining agreement between Defendant and Local 66 was in effect at all times material hereto. By that agreement Defendant became obligated to make monthly contributions to plaintiffs Welfare, Pension, Supplemental Pension, Organizational, Cooperation and Training Trusts on behalf of employees represented by Local 66.

18. Defendant has also agreed to and has received money from its Local 66 employees, as part of the employees' after-tax wages, which Defendant is and was obligated on a monthly basis to deposit into each employee's account, or submit to Local 66 as part of each employee's dues obligation. Defendant holds such money in trust.

COMPLAINT - 5

ROBBLEE BRENNAN & DETWILER
ATTORNEYS at LAW

1620 METROPOLITAN PARK TOWERS
1100 OLIVE WAY · SEATTLE, WA 98101-1827
206.467.6700 · 206.467.7589 facsimile

19. Payments due to the Welfare, Pension, Supplemental Pension, Organizational, Cooperation and Training Trusts, and the amounts of employees' after-tax wages held in trust by Defendant, are calculated pursuant to a contribution reporting form required to be prepared monthly by Defendant.

20. The completed contribution reporting form and accompanying payment are due at the Welfare office and address within fifteen (15) days after the end of each calendar month and are considered delinquent if not received within 20 days after the end of each calendar month.

21. For the period beginning May 2007 and continuing to the present, Defendant has failed either timely or entirely to file its contribution reporting forms and to make payments due to plaintiffs despite its obligation under the collective bargaining agreements to do so and despite demand by plaintiffs.

22. The dollar amount due plaintiffs cannot be ascertained without reviewing defendant's employment records for the period in question.

23. Unless ordered by this Court, Defendant will continue to refuse to file contribution reporting forms and to pay to the Welfare, Pension, Supplemental Pension, Organizational, Cooperation and Training Trusts, and Local 66 the payments due them. As a result, plaintiffs will be irreparably damaged.

24. In addition to the unpaid contributions, plaintiffs are entitled to the following pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and Section 301 of the Act, 29 U.S.C. § 185, as amended:

    (a) Interest on the unpaid or delinquent contributions;

    (b) An amount equal to the greater of:

        (i) interest on the unpaid contributions (hereinafter "penalty"), or

COMPLAINT - 6

ROBBLEE BRENNAN & DETWILER
ATTORNEYS at LAW

1620 METROPOLITAN PARK TOWERS
1100 OLIVE WAY · SEATTLE, WA 98101-1827
206.467.6700 · 206.467.7589 facsimile

(ii) liquidated damages in an amount equal to 20% of the amount awarded as unpaid or delinquent contributions, as provided for in the Trust Agreement (hereinafter "liquidated damages"); and

(c) Reasonable attorneys' fees and the costs of this action.

25. A copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by ERISA, 29 U.S.C. § 1132(h).

WHEREFORE, plaintiffs demand judgment against the Defendant:

1. Obligating Defendant to pay to plaintiffs Welfare, Pension, Supplemental Pension, Organizational, Cooperation and Training Trusts, and Local 66, the full amount of contributions owing to it for the period from May 2007 to date of judgment, with the proper amount of interest and with a penalty or liquidated damages as established by Section 502(g) of ERISA, 29 U.S.C. § 1132(g), the Trust Agreement, and the collective bargaining agreement;

2. Restraining and enjoining Defendant, its officers, agents, servants, attorneys, and all persons acting on its behalf or in conjunction with it from: (a) refusing to file contribution reporting forms due to plaintiffs Welfare, Pension, Supplemental Pension, Organizational, Cooperation and Training Trusts, and Local 66 for the period from May 2007 to the date of judgment, and for all periods thereafter for which Defendant is obligated to file such reports under the terms of the collective bargaining agreement, and (b) refusing to pay to plaintiffs Welfare, Pension, Supplemental Pension, Organizational, Cooperation and Training Trusts, and Local 66 all funds, including interest, penalties, and liquidated damages, due for the period May 2007 to the date of judgment, and for all periods thereafter for which Defendant is obligated to make payments under the terms of the collective bargaining agreement;

ROBBLEE BRENNAN & DETWILER
ATTORNEYS at LAW

1620 METROPOLITAN PARK TOWERS
1100 OLIVE WAY · SEATTLE, WA 98101-1827
206.467.6700 · 206.467.7589 facsimile

3. Requiring Defendant to pay to plaintiffs reasonable attorneys' fees and the costs of this action as set forth in Section 502(g) of ERISA 29 U.S.C. § 1132(g); and

4. Granting plaintiffs such further and other relief as may be just and proper.

DATED this 3th day of August, 2007.

*[signature]* for

Mark E. Brennan, WSBA No. 8389
ROBBLEE BRENNAN & DETWILER, PLLP
Attorneys for Plaintiffs

revisedwashcommerge.doc

COMPLAINT - 8

ROBBLEE BRENNAN & DETWILER
ATTORNEYS at LAW

1620 METROPOLITAN PARK TOWERS
1100 OLIVE WAY · SEATTLE, WA 98101-1827
206.467.6700 · 206.467.7589 facsimile